UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PIERO SALUSSOLIA and
PIERO SALUSSOLIA, P.A., d/b/a
"SALUSSOLIA & ASSOCIATES,"

      Plaintiffs,

v.

VITTORIO CECCHI GORI, CECCHI
GORI GROUP FIN. MA. VI. S.p.A.,
CECCHI GORI HOLDING S.r.L.,
CECCHI GORI PICTURES, INC.,
CPW ACQUISITION CORP. and
CECCHI GORI USA, INC.,

      Defendants.

_____/

CASE NO: 03-23392-Civ-Jordan
Magistrate Judge Brown

NIGHT BOX
FILED

MAR 12 2004

CLARENCE MADDOX
CLERK, USDC / SDFLA



## PLAINTIFFS' MEMORANDUM
## IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs, Piero Salussolia and Piero Salussolia, P.A. d/b/a "Salussolia & Associates" (collectively, "Salussolia"), respond to the Motion to Dismiss filed by Defendants, Vittorio Cecchi Gori, Cecchi Gori Group Fin. Ma. Vi. S.p.A., Cecchi Gori Holding S.r.L., Cecchi Gori Pictures, Inc., CPW Acquisition Corp. and Cecchi Gori USA, Inc. (collectively, the "Cecchi Gori Group"), and state:

### Introduction

Salussolia filed suit against Defendants seeking to recover the monies owed by the Cecchi Gori Group under several contracts between the parties. Defendants have moved to dismiss contending that they are not subject to the jurisdiction of this Court.

Defendants are wrong. First, Defendants completely ignore the fact that Vittorio Cecchi Gori was served personally while he was present in the state of Florida. The Court, therefore, has

CASE NO: 03-23392-Civ-Jordan

jurisdiction over him without regard to the various arguments made in the motion to dismiss. Moreover, the Cecchi Gori Group is involved in international business and they chose to retain an attorney whose only offices are in Florida to represent them in connection with various matters. Salussolia provided services from their Florida offices and the Cecchi Gori Group made numerous payments to Salussolia in Florida. The Cecchi Gori Group and Salussolia later settled a prior lawsuit stemming from unpaid services by entering into a "Settlement Agreement" that contains both a Florida choice of law and a Florida choice of forum provision. In light of the international nature of the Cecchi Gori Group's business, the significant connection to Florida and Salussolia's agreement to settle and dismiss a prior lawsuit in reliance on the Florida choice of law and choice of forum provisions in the Settlement Agreement and a related new "Engagement Agreement," those provisions are valid and enforceable. The motion to dismiss should be denied.

## I.    The Court Has Personal Jurisdiction Over Vittorio Cecchi Gori Because He Was Personally Served With Process While He Was Present In The State of Florida

Defendants' motion states that the various Cecchi Gori Group entities including Vittorio Cecchi Gori do not have traditional connections to Florida (no bank accounts, no real estate, etc.). From that, the motion concludes that Defendants do not have sufficient contacts with Florida for this Court to assert jurisdiction over them. As demonstrated below, Defendants' are wrong. Without even reaching those arguments, however, the Court should deny the motion as to Mr. Cecchi Gori. Defendants do not and cannot dispute that Mr. Cecchi Gori was personally served while he was present in the state of Florida. *See* Affidavit of Service, copy attached as exhibit "A" (Vittorio Cecchi Gori was individually served on December 23, 2003 at 6:30 p.m. at 1901 Collins Avenue, Shore Club, Miami Beach, Florida). Therefore, the Court has personal jurisdiction over him.

2

CASE NO: 03-23392-Civ-Jordan

In *Pota v. Holtz*, 852 So.2d 379 (Fla. 3d DCA 2003) the court reversed an order dismissing

a lawsuit against a cruise ship doctor for lack of personal jurisdiction. The *Pota* court rejected the

argument that any analysis of the doctor's contacts with Florida, beyond the fact that he was

personally served in the state, was required. The court explained:

> **Personal service is sufficient to confer personal jurisdiction.** *See*
> *Campo v. Tafur*, 704 So.2d 730 (Fla. 4th DCA 1998). As stated in
> *Keveloh v. Carter*, 699 So.2d 285, 288 (Fla. 5th DCA 1997), the
> general rule is that "Florida courts have personal jurisdiction over
> nonresidents when that nonresident is properly served with service of
> process while voluntarily present in the state," citing to *Burnham v.*
> *Superior Court of California*, 495 U.S. 604, 110 S.Ct. 2105, 109
> L.Ed.2d 631 (1990); and *Garrett v. Garrett*, 668 So.2d 991, 994
> (Fla.1996) (Wells, J. concurring). Dr. Holtz authorized his attorney
> to accept personal service and his attorney acknowledged that Dr.
> Holtz had been personally served. Counsel could not accept personal
> service and in the same breath challenge that very service. **The**
> **failure to comply with Florida's long-arm statute requirements**
> **for substituted service is therefore irrelevant**.

852 So.2d at 381 (emphasis added). *See Campo v. Tafur*, 704 So.2d at 732 (Fla. 4th DCA 1998)

(personal service upon defendant while he was in Florida visiting minor children "was sufficient to

confer personal jurisdiction over him."); *Burnham v. Superior Court of California*, 495 U.S. 604,

110 S.Ct. 2105, 109 L.Ed.2d 631 (1990) (refusing to overturn California's decision to exercise

personal jurisdiction over defendant who had no contacts with the state but was personally served

with process while visiting his minor children in the state). Because he was personally served while

he was present in the state of Florida, the Court unquestionably has personal jurisdiction over Mr.

Cecchi Gori. For this reason alone, the motion to dismiss as to Mr. Cecchi Gori, individually, should

be denied.

3

**II.     The Court Has Personal Jurisdiction Over All Defendants Due to Their Specific Agreement to Florida Jurisdiction in Connection With an International Transaction That Also Includes Significant Connection to the State of Florida**

### A.     The Jurisdiction and Forum Selection Clause Was Freely Agreed to by Defendants

Before addressing Defendants' primary argument regarding jurisdiction, Salussolia notes that Defendants' motion and the affidavit of Mr. Cecchi Gori attempt to suggest that there was some sort of impropriety on the part of Mr. Salussolia in obtaining the execution of the Settlement Agreement and Engagement Agreement. The suggestion of impropriety is entirely without basis.

Initially, the Court should note that the Cecchi Gori affidavit does not specifically identify any provision that was supposed to be included in the Settlement Agreement but, according to the affidavit, was not. Instead, the Cecchi Gori affidavit states merely that some unspecified change requested by Mr. Cecchi Gori's Italian attorney was (supposedly) not included in the Settlement Agreement despite Mr. Salussolia's assurance. The Cecchi Gori affidavit attempts to explain Mr. Cecchi Gori's (supposed) failure to realize that the change had not been made by explaining that Mr. Cecchi Gori cannot read English.

In contrast to the innuendo in the Cecchi Gori affidavit, Mr. Salussolia's affidavit states directly that the change actually agreed to by the parties during the June 29, 2003 meeting was incorporated by a handwritten addendum to the agreement. *See* Salussolia Affidavit, ¶ 17. Further, the handwritten change is written in Italian, not English. Therefore, the inability of Mr. Cecchi Gori to read English is irrelevant. It was quite clear to Mr. Cecchi Gori that no change affecting the forum selection and jurisdiction clauses was made in the Settlement Agreement. In addition, as explained by Mr. Salussolia, the parties had extensive negotiations regarding the terms of the Settlement

4

CASE NO: 03-23392-Civ-Jordan

Agreement and the terms ultimately included in the agreement, including the choice of law and forum provisions in paragraphs 19 and 20 of the Settlement Agreement, were accepted by Mr. Cecchi Gori and his Italian attorney, Mr. Franchina. *See id.*, ¶¶ 12-14; 17-20. As also set out in Mr. Salussolia's affidavit, less than one month after the execution of the Settlement Agreement, on July 22, 2003, Mr. Salussolia's assistant provided a copy of the executed Settlement Agreement to the finance director for the Cecchi Gori Group. *See id.*, ¶ 21. Finally, neither Mr. Cecchi Gori nor his attorney nor the finance director ever called Mr. Salussolia to suggest that there was any text or other agreed-to change missing from either the Settlement Agreement or the Engagement Agreement.[1] *Id.*, ¶ 22. The Settlement Agreement and Engagement Agreement, including the choice of law, forum selection and jurisdiction clauses in those agreements were freely accepted by the Cecchi Gori Group.

**B.      The Forum Selection and Jurisdiction Clause Is Binding on Defendants**

Salussolia does not deny that Defendants' are not Florida residents and do not have holdings in Florida. Nevertheless, enforcement of the choice of law, forum selection and jurisdiction provisions agreed to by the Cecchi Gori Group is entirely appropriate. As demonstrated below, the law favors the enforcement of such clauses in connection with international transactions.

The Cecchi Gori Group is a significant player in the international film industry and has interests in Italy, the United States and elsewhere. *See* Salussolia Affidavit, ¶¶ 4 and 7. The Cecchi Gori Group retained Salussolia, whose only offices are in Miami, Florida, to provide legal services

---

[1]      As explained in paragraph 16 of Mr. Salussolia's affidavit, the time and location of his June 29, 2003 meeting was set by Mr. Cecchi Gori, who repeatedly postponed the meeting until the end of the last day of Mr. Salussolia's stay in Italy.

5

CASE NO: 03-23392-Civ-Jordan

in connection with the Cecchi Gori Group's international activities. *See id.*, ¶ 6. Further, a significant portion of the services provided by Salussolia were provided out of Salussolia's Miami offices. *See Id.*, ¶ 8. Mr. Salussolia also traveled extensively in furtherance of his representation of the Cecchi Gori Group. *Id.*

Defendants' motion is based on the premise that the validity of the forum selection clause must be decided on the basis of whether the Defendants' would be amenable to personal jurisdiction under the Florida long-arm statute. As demonstrated below, Defendants' are properly subjected to jurisdiction under the long-arm statute. Salussolia submits, however, that the long-arm statute is not at issue here.   Rather, the cases make clear that where, as here, international transactions are involved, forum selection clauses are favored and are presumptively valid. Further, Defendants have not even attempted to make the showing necessary to avoid enforcement of the forum selection clause in the Settlement Agreement.

In *Lipcon v. Underwriters At Lloyd's, London*, 148 F.3d 1285 (11th Cir.1998), the Eleventh Circuit examined at length the law regarding forum selection clauses used in connection with international transactions. The court stressed the emphasis that has been placed on forum selection clauses by the U.S. Supreme Court decisions. *See Lipcon*, 148 F.3d at 1293 ("**A contractual provision specifying in advance the forum in which disputes shall be litigated and the law to be applied is,** therefore, **an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction**.'")(emphasis added)(quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516 94 S.Ct. 2449, 2455, 41 L.Ed.2d 270 (1974)). The *Lipcon* court concluded that a special rule is required when forum selection clauses

6

CASE NO: 03-23392-Civ-Jordan

are considered in connection with international transactions:

> the Court's statement in *Scherk* that a choice-of-forum clause is "an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction," 417 U.S. at 516, 94 S.Ct. at 2455, combined with the Court's observation that a forum-selection clause "might also be viewed as implicitly selecting the law of that place to apply to that transaction," id. at 519 n.13, 94 S.Ct. at 2457 n.13 . . . , **indicates that international agreements--even those that render United States securities law inapplicable--are *sui generis*.**

*Lipcon*, 148 F.3d at 1293 (emphasis added). *Lipcon* concluded that: "forum-selection and choice-of-law clauses 'are presumptively valid where the underlying transaction is fundamentally international in character.'" 148 F.3d at 1295 (citation omitted).

The presumptive validity of forum-selection and choice-of-law clauses can be overcome only: "by a clear showing that the clauses are 'unreasonable under the circumstances.' " *Id.* (citation omitted). The *Lipcon* court described the applicable test as follows:

> Choice clauses will be found "unreasonable under the circumstances," *Bremen*, 407 U.S. at 10, 92 S.Ct. at 1913 (internal quotations omitted), and thus unenforceable only when: (1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of such provisions would contravene a strong public policy.

148 F.3d at 1296. The court also made clear that the first part of the test could only be met by an actual showing of fraud:

> 'an arbitration or forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion.'

7

> [*Scherk*] 417 U.S. at 519 n.14, 94 S.Ct. at 2457 n.14 (emphasis in
> original) (internal citations omitted).  By **requiring the plaintiff
> specifically to allege that the choice clause itself was included in
> the contract due to fraud in order to succeed in a claim that the
> choice clause is unenforceable**, courts may ensure that more general
> claims of fraud will be litigated in the chosen forum, in accordance
> with the contractual expectations of the parties.

148 F.3d at 1296 (bold emphasis added).

Defendants here have done nothing more than suggest that some unspecified "revisions"
suggested by Cecchi Gori's Italian attorney were not included in the Settlement Agreement.  There
is no direct assertion, as required by *Lipcon*, that the forum selection clause was procured through
fraud.  As demonstrated above, Defendants' suggestion of impropriety cannot withstand even the
faintest level of scrutiny.  Moreover, the suggestion is completely refuted by Mr. Salussolia's
affidavit. Most importantly, again, Defendants do not even suggest that, and certainly do not provide
any factual or other support for the proposition that, the forum selection clause itself was somehow
the product of fraud.  Therefore, under the controlling law, the forum selection and choice of law
clauses in the Settlement Agreement are valid and should be enforced.  For this further reason,
Defendants' motion to dismiss should be denied.

### C.    The Long-Arm Statute Provides Jurisdiction Over the Defendants

For the reasons discussed in the preceding § II B, the Florida standard discussing the
enforceability of forum selection clauses is not applicable.  Instead, the federal test applies. *Cf.*
*Norwegian Cruise Line, Ltd. v. Clark*, 841 So.2d 547 (Fla. 2d DCA 2003) (applying federal *Bremen*
test under maritime law to hold that cruise ship passenger was bound by forum selection clause
printed on the back of cruise ticket ).  Moreover, even if the Florida test did apply, the exercise of

8

CASE NO: 03-23392-Civ-Jordan

personal jurisdiction over the corporate Defendants is appropriate.[2]  The Florida standard does not consider the execution of a contract with a forum selection clause, by itself, to be a sufficient basis for the exercise of personal jurisdiction.  *C.R. McRae v. J.D./M.D., Inc.*, 511 So.2d 540, 542 (Fla.1987).  However, where, as here, there is an independent basis to assert personal jurisdiction, a forum selection clause is a "factor to be weighed in favor of Florida jurisdiction.." *Armaly v. Practice Management Associates, Inc.*, 533 So.2d 920, 921 (Fla. 2d DCA 1988); *see also Desai Patel Sharma, Ltd. v. Don Bell Indus., Inc.*, 729 So.2d 453, 454 (Fla. 5th DCA 1999) ( nonresident's failure to make payments in Florida coupled with forum selection clause was sufficient for exercise of personal jurisdiction); *AutoNation v. Whitlock*, 276 F.Supp.2d 1258 (S.D. Fla.2003) (forum selection clauses are a factor that can be weighed in favor of exercising personal jurisdiction).

As discussed above, the Cecchi Gori Group retained the services of a Salussolia, Florida attorneys with their one and only office located in Florida.  Further, Mr. Gianni Nunnari, the President of two Cecchi Gori Group entities -- CPW Acquisition Corp. and Cecchi Gori Pictures, Inc. -- and a Vice President of Cecchi Gori USA, Inc., discussed Cecchi Gori Group business in Florida with Mr. Salussolia on at least five occasions.  *See* Salussolia Affidavit, ¶ 10.  Further, the Cecchi Gori Group agreed to and did make payments to Salussolia's Florida office over 25 times.  *See id.*, ¶ 9.  Finally, a substantial part of the work done for the Cecchi Gori Group by Salussolia was performed in Salussolia's Florida office.  Even without the forum selection clause, these contacts would be sufficient for the exercise of personal jurisdiction over the corporate Defendants.

---

[2]    As discussed in § 1 above, Mr. Cecchi Gori was served personally while he was present in Florida.  The Court, therefore, has jurisdiction over him without regard to the forum selection clause and minimum contacts analysis.

9

CASE NO: 03-23392-Civ-Jordan

The leading Florida Supreme Court case addressing the issue of the application of the Florida long-arm statute is *Venetian Salami Co. v. Parthenais*, 554 So.2d 499 (Fla. 1989). There, the court recognized that a defendant's retention of an agent to perform services in Florida is a sufficient basis for a Florida court to exercise jurisdiction over the defendant in an action for nonpayment relating to services performed by the Florida plaintiff. *See American Fin. Trading Corp. v. Bauer*, 828 So.2d 1071, 1075 (Fla. 4th DCA 2002) (exercise of personal jurisdiction over Texas defendant proper where defendant "contracted with a Florida corporation, all services were performed in Florida, and payment was due in Florida."); *Tallmadge v. Mortgage Finance Group, Inc.*, 625 So.2d 1313 (Fla. 4th DCA 1993)(exercise of personal jurisdiction over defendant California resident proper where defendant retained a Florida mortgage broker who procured a loan for defendant on his California property even though the loan closed in California).

In the instant case, again, Defendants retained a Florida attorney who provided services from his Florida offices. Defendants also made payments to Salussolia's Florida office on numerous occasions. Moreover, CPW and other Defendants guaranteed the obligations of other Cecchi Gori Group entities. Finally, Defendants entered into the Settlement Agreement and the Engagement Agreement, both of which contain Florida forum selection and jurisdiction clauses. These facts are more than sufficient for the exercise of personal jurisdiction under Florida law. *See Nelson v. Ameriquest Technologies, Inc.*, 739 So.2d 161 (Fla. 3d DCA 1999) (personal jurisdiction existed over defendant Utah resident who executed a guaranty requiring him to make payments in Florida for goods purchased from a Florida plaintiff because defendant breached contract in Florida; defendant's alleged breach of the guaranty "coupled with the parties' agreement as to venue [in

10

CASE NO: 03-23392-Civ-Jordan

Florida] contained in the dealer application and invoices, fully supported" exercise of jurisdiction).

Even if the Florida standard applies, the Court has personal jurisdiction over the corporate

defendants.

### III.   The Cecchi Gori Group Retained the Benefit of the Settlement Agreement and Waived Any Right They May Have Had to Avoid the Settlement Agreement

There is still another reason why the Court should deny the motion to dismiss.  When the

Cecchi Gori Group stopped making payments owed to Salussolia in early 2003, Salussolia filed a

lawsuit against CPW Acquisition Corp. (the "CPW Lawsuit"), one of the Cecchi Gori Group entities.

Subsequently, after extensive negotiations, the parties entered into a "Settlement Agreement" and

a new "Engagement Agreement,"both of which provide for the application of Florida law and

contain a Florida choice of forum clause.  As agreed in the Settlement Agreement, Salussolia later

dismissed the CPW Lawsuit. *See* Salussolia Affidavit, ¶ 24.   Salussolia thereafter also provided

additional legal services in reliance on the Engagement Agreement. *Id.*, ¶ 23.

A significant aspect of the Settlement Agreement was Salussolia's agreement to dismiss the

CPW Lawsuit that Salussolia had previously filed against one of the Cecchi Gori Group entities.

Salussolia dismissed the CPW Lawsuit only because the Cecchi Gori Group agreed to execute the

Settlement Agreement, including the Florida choice of forum and venue provisions. *See* Salussolia

Affidavit, ¶ 19. The Cecchi Gori Group received and retained the benefits they bargained for under

the Settlement Agreement when Salusolia dismissed the CPW Lawsuit. *See id.* ¶ 20.  In effect, the

Cecchi Gori Group now seeks to rescind the Settlement Agreement while retaining the benefits they

obtained under that agreement. While such a tactic would certainly be convenient for the Defendants,

even in cases of fraud, it is not countenanced by law. *See Mazzoni Farms, Inc. v. E.I. DuPont De*

11

CASE NO: 03-23392-Civ-Jordan

*Nemours & Co.*, 761 So.2d 306 (Fla. 2000)("Consistent with the majority view, Florida law provides for an election of remedies in fraudulent inducement cases: rescission, whereby the party repudiates the transaction, or damages, whereby the party ratifies the contract. ***A prerequisite to rescission is placing the other party in status quo***. As the court in *Bass v. Farish*, 616 So.2d 1146, 1147 (Fla. 4th DCA 1993), noted, "Generally, a contract will not be rescinded even for fraud when it is not possible for the opposing party to be put back into his pre-agreement status." Moreover, ***a party's right to rescind is subject to waiver if he retains the benefits of a contract after discovering the grounds for rescission***.")(emphasis added, citations omitted). Here of course, there was no fraud. Moreover, the Cecchi Gori Group has retained the benefits of the Settlement Agreement. They should not now be allowed to avoid the obligation they accepted under the Settlement Agreement by challenging the freely negotiated for choice of forum provision.

### IV.     The Court Should Enforce The Parties' Settlement Agreement

There is even more reason to enforce the forum selection clause included in the Settlement Agreement. Settlement agreements that bring an end to existing litigation are highly favored in the law. *See Robbie v. City of Miami*, 469 So.2d 1384 (Fla. 1985); *Metropolitan Dade County v. Fonte*, 683 So.2d 1117 (Fla. 3d DCA 1996)("***It is axiomatic that settlements are highly favored*** and that the courts 'will seek to enforce them whenever possible.'") (emphasis added, citations omitted, quoting *Sun Microsystems, Inc. v. Engineering & Mfg. Sys. C.A.*, 682 So.2d 219, 220 (Fla. 3d DCA 1996)). The policy in favor of enforcing settlement agreements extends to enforcing provisions in those agreements that provide for courts to exercise jurisdiction over the parties.

In *Sun Microsystems, Inc.*, 682 So.2d 219, the trial court had dismissed an action to enforce

12

CASE NO: 03-23392-Civ-Jordan

a settlement agreement between a California corporation and Venezuelan company on grounds of forum non conveniens. The *Sun Microsystems* court, referring to the policy highly favoring settlement agreements, reversed explaining: "the provision of the settlement agreement giving the Dade County Circuit Court continuing and exclusive jurisdiction over the enforcement of the agreement was clear and lacked any ambiguity. Therefore, the trial court erred in dismissing the action based on forum non conveniens where the parties clearly manifested their intent that the Dade County Circuit Court should retain jurisdiction over the settlement agreement." 682 So.2d at 220.

The case of *Walsh v. Walsh*, 388 So.2d 240 (Fla. 2d DCA 1980) is even more on point. There, the trial court had dismissed a petition to enforce a property settlement agreement for lack of personal jurisdiction over the former husband. It was undisputed that the husband had never resided in Florida. *See Walsh*, 388 So.2d at 241. When the couple had decided to separate years earlier while living in New York, the parties signed a property settlement agreement containing a provision specifically allowing for the agreement to be incorporated into a divorce decree that might be sought by either party. The former wife had then obtained a divorce decree in Florida that incorporated the earlier property settlement agreement. The *Walsh* court held that: "***the husband consented to personal jurisdiction*** as to matters in the property settlement agreement ***when he agreed that <u>any court</u> of competent jurisdiction could incorporate the agreement*** in a divorce or annulment decree.") 388 So.2d at 242 (emphasis added). Because the husband had effectively consented to personal jurisdiction, the court reversed the order dismissing for lack of personal jurisdiction.

In the instant case, the Cecchi Gori Group did not consent to the jurisdiction of "any court."

CASE NO: 03-23392-Civ-Jordan

They expressly consented to the "jurisdiction and venue of the courts of the State of Florida, County of Miami Dade." Settlement Agreement at 4, ¶ 20.  Again, this provision was part of a settlement agreement that resolved and concluded the then-pending CPW Lawsuit.  The strong public policy generally favoring the enforcement of settlement agreements favors the enforcement of the Settlement Agreement executed by the parties in this case, including the consent to forum and jurisdiction contained in the Settlement Agreement.  For that further reason, the Court should deny the motion to dismiss.

### Conclusion

For the foregoing reasons and based upon the cited authorities, the Court should deny Defendants' motion to dismiss.

Respectfully submitted,

RODRIGUEZ TRAMONT
 GUERRA & NUÑEZ, P.A.

Paulino A. Núñez Jr., Esq.
Florida Bar No.: 804806
Jorge L. Guerra, Esq.
Florida Bar No.: 623598
2100 Ponce De Leon Boulevard, PH II
Coral Gables, Florida 33134
Telephone: 305-350-2300
Facsimile: 305-350-2525

14

CASE NO: 03-23392-Civ-Jordan

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile and U.S. Mail on this 12th day of March, 2004 to: ERIC D. ISICOFF, ESQ., Isicoff, Ragatz & Koenigsberg, P.A., 1101 Brickell Avenue, Suite 800 South Tower, Miami, Florida 33131.

Paulino A. Núñez Jr.

15

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### Southern District of Florida

Case Number: 03-23392 CIV JORDAN

Plaintiff:
**Piero Salussolia, and Piero Salussolia, P.A., d/b/a "Salussolia & Associates",**

vs.

Defendant:
**Vittorio Cecchi Gori, Cecchi Gori Group Fin. Ma. VI. S.p.A., et al.,**

For:
Jorge L. Guerra, Esq.
RODRIGUEZ TRAMONT GUERRA & NUNEZ, P.A.
1401 Brickell Avenue
Suite #800
Miami, FL 33131

Received by CIVIL PROCESS PLUS, INC. on the 23rd day of December, 2003 at 6:00 pm to be served on **VITTORIO CECCHI GORI, 1901 Collins Avenue, Shore Club, Miami Beach, FL.**

I, Ileana Lopez, being duly sworn, depose and say that on the 23rd day of December, 2003 at 6:30 pm, I:

**INDIVIDUALLY SERVED** the within named person with a true copy of this Summons In A Civil Case, and Complaint with Exhibits with the date and hour endorsed thereon by me and informed him/her of the contents therein.

I do hereby certify that I have no interest in the above action, that I am over the age of eighteen, and that I am a Certified Process Server in the county in which it was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.

Subscribed and Sworn to before me on the 27th day of December, 2003 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

JEANNETTE LOPEZ
MY COMMISSION # DD 211046
EXPIRES: August 29, 2007
Bonded Thru Notary Public Underwriters

_____
Ileana Lopez
Certified Process Server #1329

CIVIL PROCESS PLUS, INC.
1501 N.W. 28 Street
Miami, FL 33142
(305) 375-8111

Our Job Serial Number: 2003034643

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.0f



EXHIBIT
"A"