UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 03-23392-CIV-JORDAN



FILED by_____ D.C.

SEP 3 0 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

| | |
|---|---|
| PIERO SALUSSOLIA, and PIERO SALUSSOLIA, P.A., d/b/a "SALUSSOLIA & ASSOCIATES" <br><br> Plaintiffs <br><br> vs. <br><br> VITTORIO CECCHI GORI, CECCHI GORI GROUP FIN. MA. VI. S.p.A., CECCHI GORI HOLDING S.r.L., CECCHI GORI PICTURES, INC., CPW ACQUISITION CORP. and CECCHI GORI USA, INC., <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### ORDER ON DEFENDANTS' MOTION TO DISMISS

On or about June 29, 2003, plaintiffs Piero Salussolia and Piero Salussolia, P.A., d/b/a Salussolia & Associates ("S&A") entered into a settlement agreement and an attorney/client engagement agreement with defendants Vittorio Cecchi Gori, Cecchi Gori Group Fin. Ma. Vi. S.p.A., Cecchi Gori Holding S.r.l., Cecchi Gori Pictures, CPW Acquisition Corp., and Cecchi Gori USA, Inc. regarding legal proceedings instituted by Mr. Salussolia and S&A. On December 23, 2003, Mr. Salussolia and S&A filed a complaint in this district against the defendants alleging, among other things, that the defendants breached the settlement agreement by failing and refusing to make the installment payments to the plaintiffs as stipulated under the agreement. *See* Complaint [D.E. 1] ¶¶ 26-27 (December 23, 2003).

The defendants collectively now move to dismiss this action based on their contention that this court may not exercise personal jurisdiction over them under Florida's long-arm statute or under the United States Constitution. The plaintiffs respond that this court has personal jurisdiction over Mr. Cecchi Gori because he was personally served with process while physically present in Florida. The plaintiffs also argue that this court has personal jurisdiction over all of the defendants due to their consent to this court's jurisdiction in the forum selection clauses in the settlement agreement and attorney/client engagement agreement.

In their complaint, Mr. Salussolia and S&A allege that jurisdiction of this court is based solely on the diversity of the parties' citizenship and the defendants' consent to jurisdiction in the forum selection clause in both the settlement agreement and attorney/client engagement agreement. *See* Complaint ¶ 10. A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution's due process requirements. *See Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). Specifically, the court must first determine whether the applicable state long-arm statute governing personal jurisdiction is satisfied. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (citing *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623 (11th Cir. 1996)). If the requirements of the state long-arm statute are satisfied, then the court must examine whether the exercise of jurisdiction will comport with due process. *See id.*

As the plaintiffs, Mr. Salussolia and S&A have the burden of establishing that there is personal jurisdiction over the defendants. *See Cable/Home Communication v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). The plaintiffs must initially plead sufficient facts in the complaint to support the basis for exercise of personal jurisdiction. *See Future Tech. Today, Inc.*, 218 F.3d at 1249 (citation omitted). The burden then shifts to the defendants to make a prima facie showing of the inapplicability of the state long-arm statute. *Id.* If the defendants meet this burden, the plaintiffs must substantiate the claims of jurisdiction by affidavits or other competent proof. *Id.*

Mr. Salussolia and S&A have not pleaded any basis for personal jurisdiction under Florida's long-arm statute, and a forum selection clause cannot operate as the sole basis for a Florida court to exercise personal jurisdiction over an objecting non-resident defendant, absent a basis for jurisdiction under the Florida long-arm statute. *See McRae v. J.D./M.D., Inc.*, 511 So.2d 540, 542 (Fla. 1987). Therefore, Mr. Salussolia and S&A have not sufficiently pleaded a basis for the exercise of personal jurisdiction over the defendants. Accordingly, this court does not have personal jurisdiction as to corporate defendants Cecchi Gori Group Fin. Ma. Vi. S.p.A., Cecchi Gori Holding S.r.l., Cecchi Gori Pictures, CPW Acquisition Corp., and Cecchi Gori USA, Inc.

The court does have personal jurisdiction, however, over Mr. Cecchi Gori, who was personally served with process in December 2003 while present in Miami Beach, Florida. In the plurality opinion in *Burnham v. Superior Court of California*, 495 U.S. 604 (1990), the Supreme

Court concluded that a court may properly exercise personal jurisdiction over a non-resident when that non-resident is personally served in the forum state. The Eleventh Circuit has not addressed the plurality opinion in *Burnham*, but other federal circuits have followed it. *See, e.g., N. Light Tech. v. N. Lights Club*, 236 F.3d 57, 62 (1st Cir. 2001); *First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 20-21 (2nd Cir. 1998); *Bourassa v. Desrochers*, 938 F.2d 1056, 1057-58 (9th Cir. 1991).

Here, as in *Burnham*, Mr. Cecchi Gori was personally served while physically present in Florida. This allows for the exercise of personal jurisdiction over Mr. Cecchi Gori, despite the plaintiffs' insufficient pleading of long-arm jurisdiction in their complaint. Accordingly, the motion by Mr. Cecchi Gori to dismiss the complaint [D.E. 25] is DENIED. Should there be any future developments in the Eleventh Circuit casting doubt on the plurality opinion in *Burnham*, Mr. Cecchi Gori may file a new motion or a motion for reconsideration challenging this court's exercise of personal jurisdiction.

As to corporate defendants Cecchi Gori Group Fin. Ma. Vi. S.p.A., Cecchi Gori Holding S.r.l., Cecchi Gori Pictures, CPW Acquisition Corp., and Cecchi Gori USA, Inc., the motion to dismiss [D.E. 25] is GRANTED, and this action as to those defendants is DISMISSED WITHOUT PREJUDICE.

Mr. Cecchi Gori shall file an answer to the complaint by October 22, 2004, and the parties shall file a joint scheduling report as required by Local Rule 16.1 by October 29, 2004.

DONE and ORDERED in chambers in Miami, Florida, this 30th day of September, 2004.

Adalberto Jordan
United States District Judge

Copy to:   All counsel of record