UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PIERO SALUSSOLIA and  
PIERO SALUSSOLIA, P.A., d/b/a  
"SALUSSOLIA & ASSOCIATES,"

CASE NO: 03-23392-Civ-Jordan  
Magistrate Judge Brown

Plaintiffs,

v.

VITTORIO CECCHI GORI, et al,

Defendants.

_____/

### Plaintiffs' Memorandum in Opposition to Defendant Cecchi Gori's Motion for Certification, Etc.

Plaintiffs, Piero Salussolia and Piero Salussolia, P.A. d/b/a "Salussolia & Associates" (collectively, Plaintiffs or "Salussolia"), respond to the Motion of Defendant, Vittorio Cecchi Gori ("Cecchi Gori"), for Certification Pursuant to 28 U.S.C. § 1292(b), Motion for Enlargement of Time to File Answer and Motion for Stay Pending Appellate Review, and state:

### Introduction

This case was filed nearly a year ago, in December, 2003. On September 30th, the Court entered an order ("Order") denying Cecchi Gori's motion to dismiss for lack of personal jurisdiction and requiring him to answer Plaintiffs' Complaint by October 22, 2004. Rather than answering, however, Cecchi Gori moved for certification and to stay the case. As demonstrated below, Cecchi Gori's request for certification is contrary to law. The issue decided against Cecchi Gori by the Order is directly controlled by the Eleventh Circuit decision in *Alexander Proudfoot Co. World Headquarters L.P. v. Thayer*, 877 F.2d 912 (11th Cir. 1989). Therefore, there is no "substantial ground for difference of opinion" so as to justify certification. In addition, even if the Order were



CASE NO: 03-23392-Civ-Jordan

somehow reversible, reversal would not materially advance the ultimate termination of the litigation. Because there is no basis for certification, the Court should deny the Motion and (once again) direct Cecchi Gori to answer the Complaint.

### I.     Standard for Certification

In *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251 (11th Cir. 2004), the Eleventh Circuit discussed at length the standard for certification. Among other things, the court made clear that certification should be granted rarely: "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *McFarlin*, 381 F.3d at 1259. *See Plante v. USF & G Specialty Ins. Co.*, 17 Fla. L. Weekly Fed. D 686, 2004 WL 1429932 (S.D. Fla. June 2, 2004) (Gold, J.) ("Resort to relief under § 1292(b) should be the rare exception, not the rule."); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 826 F.Supp. 1416, 1418 (M.D.Fla.1993) (Section 1292(b) ought to be used "sparingly and only in exceptional cases where a speedy appeal would avoid protracted litigation"). As Defendant acknowledges, §1292(b) has three separate requirements, each of which must be met in order to justify certification. *See* §1292(b)(district court can certify when it concludes that the order in question: "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation"); *Plante*, slip op. at *3 ("In order for a trial judge to certify an interlocutory order for appeal under 28 U.S.C. § 1292(b), three requirements must be satisfied."). Further, "[e]ven when all of those factors are present, the court of appeals has discretion to turn down a § 1292(b) appeal." *McFarlin*, 381 F.3d at 1259. As demonstrated below, Defendant's Motion does not meet the requirements of §1292(b).

2

CASE NO: 03-23392-Civ-Jordan

## II.  There is No Substantial Ground for Difference of Opinion

The *McFarlin* court explained that, with respect to the "'substantial ground for difference of opinion' requirement," the Eleventh Circuit has "held that a question of law as to which we are in 'complete and unequivocal' agreement with the district court is not a proper one for § 1292(b) review." 381 F.3d at 1258 (citing *Burrell v. Bd. of Trustees of Ga. Military College*, 970 F.2d 785, 788-89 (11th Cir.1992)). The issue on which Defendant seeks certification here is an issue on which the Eleventh Circuit has already ruled consistent with the Order. Further, it did so in reliance on Supreme Court authority. Therefore, this case is plainly inappropriate for certification.

There is no dispute that Cecchi Gori was personally served with process while present in the state of Florida. That service is valid and sufficient under Florida law. In *Pota v. Holtz*, 852 So.2d 379 (Fla. 3d DCA 2003), the court reversed an order dismissing a lawsuit against a cruise ship doctor for lack of personal jurisdiction. The *Pota* court rejected the argument that any analysis of the doctor's contacts with Florida, beyond the fact that he was personally served in the state, was required. The court explained:

> **Personal service is sufficient to confer personal jurisdiction.** *See Campo v. Tafur*, 704 So.2d 730 (Fla. 4th DCA 1998). As stated in *Keveloh v. Carter*, 699 So.2d 285, 288 (Fla. 5th DCA 1997), the general rule is that "Florida courts have personal jurisdiction over nonresidents when that nonresident is properly served with service of process while voluntarily present in the state" . . . **The failure to comply with Florida's long-arm statute requirements for substituted service is therefore irrelevant.**

852 So.2d at 381 (emphasis added, some citations omitted); *see Campo v. Tafur*, 704 So.2d at 732 (Fla. 4th DCA 1998) (personal service upon defendant while he was in Florida visiting minor

3

CASE NO: 03-23392-Civ-Jordan

children "was sufficient to confer personal jurisdiction over him."); *see also* Fla. Stat. §48.031(1)(a) ("Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper . . . .").

The issue (supposedly) raised by Defendant's request for certification is whether the personal service here, even though sufficient under Florida law, is sufficient to satisfy Constitutional due process requirements. Under the facts of this case, however, that question has already been answered by the Eleventh Circuit. In *Alexander Proudfoot Co. World Headquarters L.P. v. Thayer*, 877 F.2d 912 (11th Cir. 1989), the court held that when Florida law allows for personal jurisdiction against a defendant who has signed an agreement containing a forum selection clause, there is no need to perform the Constitutional due process analysis. *Thayer* reversed an order dismissing a complaint for lack of personal jurisdiction. The court first held that the exercise of personal jurisdiction over the non-resident defendant there was proper under the Florida long-arm statute. 877 F.2d at 920. Ordinarily, "[a]fter deciding that the long-arm statute provides a basis to assert personal jurisdiction over Thayer, the court must determine whether the due process clause allows Florida courts to establish in personam jurisdiction over the nonresident defendant." *Id.* at 921. The *Thayer* court, however, explained that the due process analysis was not required in that case:

> **Because the nonresident defendant in the present case contractually agreed to personal jurisdiction in Florida, the usual due process analysis need not be done.** As the Supreme Court noted in *Burger King* [*Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)], the **due process analysis is unnecessary where a nonresident defendant has consented to suit in a forum**. *Burger King,* 471 U.S. at 472, 473 n. 14, 105 S.Ct. at 2181, 2182 n. 14. Quite simply, "parties to a contract may agree in advance to submit to the jurisdiction of a given court." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694,

4

CASE NO: 03-23392-Civ-Jordan

> 704, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982) (quoting *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964)); *see also Petrowski v. Hawkeye-Security Co.*, 350 U.S. 495, 76 S.Ct. 490, 100 L.Ed. 639 (1956). The enforcement of an agreement conferring jurisdiction does not offend due process where the provision is freely negotiated and not unreasonable or unjust.

*Thayer*, 877 F.2d 921 (emphasis added).

In the instant case, it is undisputed that Cecchi Gori signed two separate contracts that each contain both a Florida choice of law and a forum selection clause. *See* June 29, 2003 "Settlement Agreement" (copy attached as Exhibit D to Plaintiffs' Complaint); June 2003 "Engagement Agreement" (copy attached as Exhibit F to Plaintiffs' Complaint).[1] Further, Cecchi Gori has not and cannot meet the legal standard for arguing that he is not bound by the forum selection clauses in the Settlement Agreement and Engagement Agreement.[2] Finally, as in *Thayer*, the exercise of

---

[1] Plaintiffs recently filed a motion for leave to amend together with a proposed Amended Complaint. The Settlement Agreement and Engagement Agreement also appear as exhibits D and F, respectively, to the proposed Amended Complaint.

[2] *See Lipcon v. Underwriters At Lloyd's, London*, 148 F.3d 1285 (11th Cir.1998). The presumptive validity of forum-selection and choice-of-law clauses can be overcome only: "by a clear showing that the clauses are 'unreasonable under the circumstances.' " *Id.* (citation omitted). The *Lipcon* court described the applicable test as follows: "Choice clauses will be found 'unreasonable under the circumstances,' *Bremen*, 407 U.S. at 10, 92 S.Ct. at 1913 (internal quotations omitted), and thus unenforceable only when: (1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of such provisions would contravene a strong public policy." 148 F.3d at 1296. The *Lipcon* court also made clear that the first part of the test could only be met by an actual showing of fraud: "'an arbitration or forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion.' [*Scherk v. Alberto-Culver Co.*] 417 U.S. at 519 n.14, 94 S.Ct. at 2457 n.14 (emphasis in original) (internal citations omitted). By **requiring the plaintiff specifically to allege that the choice clause itself**
(continued...)

5

CASE NO: 03-23392-Civ-Jordan

personal jurisdiction over Cecchi Gori is proper under Florida law (here, because Defendant was personally served while present in Florida). Therefore, the holding in *Thayer* (and the Supreme Court decisions cited by *Thayer*) is controlling: "the usual due process analysis need not be done." *Thayer*, 877 F.2d 921.

As previously discussed, the Eleventh Circuit has held that "a question of law as to which [the Eleventh Circuit is] in 'complete and unequivocal' agreement with the district court is not a proper one for § 1292(b) review." *McFarlin*, 381 F.3d at 1258. In this case, the Court's Order is in complete agreement with the Eleventh Circuit's decision in *Thayer*. Therefore, the issue raised by Defendant's Motion "is not a proper one for § 1292(b) review." Accordingly, the Court should deny the Motion.

### III. Reversal of the Order Would Not Materially Advance the Ultimate Termination of the Litigation

As previously discussed, because Defendant's Motion fails to meet one of the requirements for certification, it cannot meet the standard for certification under § 1292(b) even if the Motion could meet the other requirements. In the instant case, however, the Motion also fails to meet the requirement that reversal of the Order would materially advance the ultimate termination of the litigation. This requirement means that: "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259. In the

---

[2](...continued)
**was included in the contract due to fraud in order to succeed in a claim that the choice clause is unenforceable**, courts may ensure that more general claims of fraud will be litigated in the chosen forum, in accordance with the contractual expectations of the parties."*Lipcon*, 148 F.3d at 1296 (bold emphasis added).

CASE NO: 03-23392-Civ-Jordan

instant case, the Court's Order granted the motion of Cecchi Gori's co-defendants to dismiss for lack of personal jurisdiction, but only because the Court found that Plaintiffs had not "sufficiently pleaded a basis for the exercise of personal jurisdiction" under Florida's long-arm statute. *See* Order at 2. The Court, therefore, did not address the various facts present in this case (set out in Salussolia's affidavit and the exhibits to the Complaint) that Plaintiffs contend support the exercise of personal jurisdiction over all defendants.

Because the dismissal of Cecchi Gori's co-defendants was due to a pleading deficiency, the Court did not dismiss the case with prejudice. Instead, the Court expressly dismissed without prejudice. *See* Order at 3. The dismissal without prejudice, of course, allows Plaintiffs to replead in order to correct the pleading deficiencies found by the Court. (Plaintiffs have, in fact, done just that and recently filed a motion for leave to amend together with a proposed Amended Complaint.) For the same reason, even if there was somehow a legal basis for reversing the Court's Order with respect to Cecchi Gori (presumably in the event of an *en banc* reversal of *Thayer* after the Supreme Court's reversal of its precedents), such a reversal could only lead to a dismissal without prejudice in order to allow Plaintiffs to leave to replead.

As the Honorable Judge Gold explained in his recent *Plante* decision, certification is not proper where reversal of the order in question would lead to dismissal without prejudice:

> [T]his Order does not meet the test for interlocutory appeal. First, I conclude that my Order does not involve a controlling question of law. "[A] question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v.. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir.1990). **In this case, the result of a reversal of my Order is that Plante's Complaint would be dismiss[ed] without prejudice with leave to amend.** Plante could still proceed with her fraud claim and potentially with a breach of

7

contract claim regarding USF & G's conduct.

*Plante*, slip op. at *3 (emphasis added, some citations omitted). Again, in the instant case, as in *Plante*, the result of a reversal of the Order is that Plaintiffs' Complaint would be dismissed without prejudice as to Cecchi Gori with leave to amend. In the meantime, the litigation would proceed with respect to Cecchi Gori's co-defendants. Under the circumstances, Defendant's request for certification also plainly fails to meet the requirement that the reversal of the ruling would materially advance the ultimate termination of the litigation. For that further reason, the Motion should be denied.

### Conclusion

For the foregoing reasons and based upon the cited authorities, the Court should deny Defendant's motion for certification and his motion for stay and should (again) direct Defendant to answer the complaint without further delay.

Respectfully submitted,

RODRIGUEZ TRAMONT
GUERRA & NUÑEZ, P.A.

_/s/ Paulino A. Núñez Jr._
Paulino A. Núñez Jr., Esq.
Florida Bar No.: 814806
E-mail pan@rtgn-law.com
Jorge L. Guerra, Esq.
Florida Bar No.: 623598
E-mail jlg@rtgn-law.com
2100 Ponce De Leon Boulevard, PH II
Coral Gables, Florida 33134
Telephone: 305-350-2300
Facsimile: 305-350-2525

CASE NO: 03-23392-Civ-Jordan

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 12th day of November, 2004 to: ERIC D. ISICOFF, ESQ., Isicoff, Ragatz & Koenigsberg, P.A., 1101 Brickell Avenue, Suite 800 South Tower, Miami, Florida 33131.

*[signature: Paul H.]*